**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO\\**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                   No. CIV-05-0923 RB/KBM
                                                                          CR-03-2384 RB

MIGUEL ANTONIO CALLES,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's response to the order entered September 28, 2005, that required Defendant to show cause why his motion under 28 U.S.C. § 2255 should not be dismissed as untimely. As noted in the September 28 order, Defendant filed his § 2255 motion more than a year after his conviction became final. In his response, Defendant argues that his claims of lack of jurisdiction, actual innocence, and violation of treaty rights are not barred by the limitation period in § 2255. The original motion asserts claims of involuntary guilty plea and violation of the Double Jeopardy Clause. The Court will dismiss the § 2255 motion.

Defendant's response attempts to salvage his § 2255 motion under certain exceptions to the period of limitations. A defendant, even after expiration of the limitation period in § 2255, may prosecute certain claims of lack of jurisdiction, *see United States. v. Burch*, 169 F.3d 666, 668 (10th Cir. 1999), or actual innocence, *see United States v. Garcia*, No. 01-2163, 2001 WL 1632546, at **2 (10th Cir. Dec. 20, 2001) (citing *Bousley v. United States*, 523 U.S. 614, 623-24 (1998)). Here, Defendant alleges that his indictment did not identify the prior convictions that were used to enhance

his sentence. He relies on the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005), as the legal basis of these claims.

Defendant's claims do not survive scrutiny. The primary ruling announced in *Blakely* and *Booker* is that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty must be admitted by the defendant or proved to the jury beyond a reasonable doubt." *Booker*, --- U.S. at ----, 125 S.Ct. at 756. These rulings did not affect the previous decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 228-235 (1998), which allowed enhancement of a sentence based on prior convictions, even those not charged in the indictment. And the recent decision in *Shepard v. United States*, 544 U.S. ---, ---, 125 S. Ct. 1254, 1263 (2005), criticized but did not overrule *Almendarez-Torres*. Defendant's assertion of insufficient indictment clearly does not support claims of lack of jurisdiction or actual innocence, either as a substantive matter or in avoidance of the statutory time bar, and thus fails as a basis of relief under § 2255.

Nor is relief available on Defendant's newly asserted treaty claim. He provides no authority for the proposition that a treaty claim is not subject to § 2255's limitation period. Presumably, Defendant is attempting to invoke the treaty provision in 28 U.S.C. § 2241 on the belief that claims under § 2241 are not barred by the limitation provision in § 2255. *Cf. Murray v. Warden, FCI Raybrook*, No. 9:01-CV-255 NAMGLS, 2002 WL 31741247, at *11 (N.D.N.Y. Dec. 5, 2002) ("[defendant']s ICCPR Treaty claim is just another attempt to fit his *Apprendi* claim into § 2241's "treaty" provision") (*citing Davis v. United States*, 417 U.S. 333, 344 (1974) (noting that § 2255 provides a remedy for treaty violations)). Defendant's treaty claim is subject to § 2255's limitation

period.

Finally, announcement of the decisions in *Blakely* and *Booker* did not restart the limitation period applicable to Defendant's § 2255 motion. The limitation period can run from the time of certain Supreme Court decisions that are "made retroactively applicable." § 2255. *Blakely* and *Booker*, however, do not meet this standard. *See United States v. Atayde*, No. 05-1273, 2005 WL 2822475, at *2 (10th Cir. Oct. 28, 2005) (rejecting argument that defendant "had one year from *Booker* to file his claim. . . . *Booker* is not retroactively applicable"). Defendant's claims are barred by the limitation period in § 2255, and his motion will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 22) filed August 25, 2005, is DISMISSED, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE